IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| The State of DELAWARE, )<br>)<br>Plaintiff, )<br>)<br>*Ex. rel.* )<br>)<br>WILLIAM SEAN FRENCH, )<br>)<br>Plaintiff-Relator, )<br>)<br>v. )<br>)<br>CARD COMPLIANT, LLC, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 14-688-GMS |

## ORDER

At Wilmington, this 10th day of December, 2014, having reviewed the parties' papers, the pleadings, the standard of review, and the applicable law;

IT IS HEREBY ORDERED that the plaintiffs' motion to remand (D.I. 74) is GRANTED.

The plaintiff-relator William Sean French ("French") filed this civil action against several Delaware businesses and out-of-state "card issuers" (collectively, "the Defendants") on June 28, 2013, pursuant to the Delaware False Claims and Reporting Act ("DFCRA") 6 Del. C. § 1291 *et seq.* The lawsuit was originally filed in Delaware Superior Court, New Castle County. The State of Delaware ("the State") intervened on March 24, 2014 (French and the State, collectively, "the Plaintiffs"). The Defendants filed their Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, in the District Court of Delaware on May 30, 2014. (D.I. 1.) The Plaintiffs filed their motion for remand on June 30, 2014. (D.I. 74.)

The federal removal statute states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" to federal court. 28 U.S.C. § 1441(a). The federal courts' original subject matter jurisdiction is limited, however. *See* U.S. Const. art III, § 2; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Kokkonen*, 511 U.S. at 377. The party seeking to remove an action to federal court therefore bears the burden of establishing federal jurisdiction, for "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.* This presumption faces strict judicial scrutiny, with all doubts being resolving in favor of remand. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The court must be especially probing where the State is prosecuting the action itself, as this raises important considerations of both federalism and comity. *See In re Standard & Poor's Rating Agency Litig.*, No. 13–MD–2446 (JMF), 2014 WL 2481906, at *8 (S.D.N.Y. June 3, 2014) (citing *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir.2012); *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013)).

The Defendants contend that removal is appropriate because the action "arise[s] under the Constitution or laws of the United States," thus satisfying § 1331 and granting federal subject matter jurisdiction. The court disagrees and finds that, although the Defendants' defenses may necessarily implicate federal common law, the plaintiffs' claims themselves are creatures of state law. In particular, the State seeks to recover unredeemed value of gift cards, which, it asserts, escheat to the State pursuant to Delaware's Abandoned and Unclaimed Property Act ("AUPA"), 12 Del. C. § 1197 *et seq.*, and the DFCRA. As emphasized by the Plaintiffs, the power to

escheat stems from state sovereignty, rather than federal law. *See Delaware v. New York*, 507 U.S. 490, 502 (1993) ("[D]isposition of abandoned property is a function of the state, a sovereign exercise of a regulatory power over property and the private legal obligations inherent in property." (internal quotation marks omitted)). Only where states present competing claims to abandoned property does federal common law necessarily come into play to resolve the priority dispute, as illustrated by the *Texas v. New Jersey* cases, referenced extensively by the parties. *Texas v. New Jersey*, 379 U.S. 674 (1965); *see also Delaware* 507 U.S. 490; *Pennsylvania v. New York*, 407 U.S. 206 (1972). No other state has (thus far) sought to recover the unredeemed gift card balances at issue in this case.

The court is not convinced that the Defendants' asserted "disputed questions" require reference to federal common law. Rather, Delaware law adequately addresses these questions concerning the legal interests at stake. *See Delaware* 507 U.S. at 502 ("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." (quoting *Barnhill v. Johnson,* 503 U.S. 393, 398 (1992))). To the extent that the Defendants believe Delaware law is in conflict with federal law, they can assert a federal preemption defense. *See N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 392–97 (3d Cir. 2012) (discussing whether New Jersey law conflicted with and was preempted by the *Texas* priority rules). But pursuant to the long-established "well-pleaded complaint rule," federal defenses are insufficient to confer federal subject matter jurisdiction. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ("[A] case may not be removed on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the complaint, and even if both parties concede that the federal

defense is the only question truly at issue."); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995) ("[The court] lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved."). Thus, even though the Plaintiffs' complaint makes reference to the *Texas v. New Jersey* cases (D.I. 1, Ex. A, ¶ 55), such mention is made in anticipation of possible defenses—stating Delaware law is in compliance with federal common law—and does not suffice to establish federal jurisdiction. *See Mottley*, 211 U.S. at 152 ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit . . . arises under the Constitution.").

The Plaintiffs' claims arise under state law: Delaware's AUPA and the DFCRA. The court lacks subject matter jurisdiction over this matter and remands the case to Delaware Superior Court, New Castle County.

_____
UNITED STATES DISTRICT JUDGE